UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAYMOND F.,[1]                              )
                                            )
                        Plaintiff,          )
                                            )
            v.                              )        No. 1:20-cv-00880-MJD-JRS
                                            )
ANDREW M. SAUL, Commissioner of the Social  )
Security Administration,                    )
                                            )
                        Defendant.          )

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Claimant Raymond F. applied for disability insurance benefits ("DIB") from the Social

Security Administration ("SSA") on June 9, 2016, alleging an onset date of April 10, 2014.

[Dkt. 14-2 at 16.]  His application was initially denied on September 15, 2016, [Dkt. 14-2 at

117], and upon reconsideration on February 22, 2017, [Dkt. 14-2 at 127].  Administrative Law

Judge Roxanne J. Kelsey (the "ALJ") conducted a hearing on October 18, 2018.  [Dkt. 14-2 at

37-53.]  The ALJ issued a decision on January 30, 2019, concluding that Claimant was not

entitled to receive benefits.  [Dkt. 14-2 at 13-26.]  The Appeals Council denied review on

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the
recommendation of the Court Administration and Case Management Committee of the
Administrative Office of the United States Courts, the Southern District of Indiana has opted to
use only the first name and last initial of non-governmental parties in its Social Security judicial
review opinions.

1

January 28, 2020.  [Dkt. 14-2 at 1.]  On March 19, 2020, Claimant timely filed this civil action

asking the Court to review the denial of benefits according to 42 U.S.C. § 405(g).  [Dkt. 1.]

## I. <u>STANDARD OF REVIEW</u>

"The Social Security Administration (SSA) provides benefits to individuals who cannot

obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148,

1151 (2019).  Disability is the inability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than

twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. §

423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to

ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for

the ALJ's decision.  *Stephens*, 888 F.3d at 327.  For the purpose of judicial review, "substantial

evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support

a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at

1154).  "Although this Court reviews the record as a whole, it cannot substitute its own judgment

for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a

claimant is in fact disabled." *Stephens*, 888 F.3d at 327.  Reviewing courts also "do not decide

questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'"

*Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)).  The

Court does "determine whether the ALJ built an 'accurate and logical bridge' between the

evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting

*Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

2

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *See Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an

ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy.  *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).  Typically, a remand is also appropriate when the decision is not supported by substantial evidence.  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).  "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'"  *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

## II. <u>BACKGROUND</u>

Claimant was 44 years old at the time his alleged disability began.  [*See* Dkt. 14-3 at 1.] He has a high school education.  [Dkt. 16 at 5.]  He has worked as a laborer and maintenance technician.  [Dkt. 14-4 at 4.][2]

The ALJ followed the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Claimant was not disabled.  [Dkt. 14-2 at 26.]  Specifically, the ALJ found as follows:

- At Step One, Claimant had not engaged in substantial gainful activity[3] since April 10, 2014, the alleged onset date.  [Dkt. 14-2 at 18.]

- At Step Two, he had "the following severe impairments: degenerative disc disease of the cervical spine, Marfan syndrome, depressive disorder, and status post 2 left foot surgeries for [a] bunion and bone spur."  [Dkt. 14-2 at 18] (citation omitted).

- At Step Three, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  [Dkt. 14-2 at 19.]

- After Step Three but before Step Four, Claimant had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except occasional climbing of ramps or stairs, balancing, stooping, kneeling, or crouching; no crawling or climbing of ladders, rope or

---

[2] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here.  Specific facts relevant to the Court's disposition of this case are discussed below.

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized).  20 C.F.R. § 404.1572(a).

scaffolds; may occasionally reach overhead with either upper extremity; and lacks the ability to understand, remember and carry out detailed instructions because of moderate limitations in concentration, but retains the sustained concentration necessary for simple work of a routine type if given normal workplace breaks, meaning two 15 minutes breaks after two hours of work and a 30 minute break mid-shift."  [Dkt. 14-2 at 21.]

- At Step Four, relying on the testimony of the vocational expert ("VE") and considering Claimant's RFC, he was incapable of performing his past relevant work as a maintenance mechanic.  [Dkt. 14-2 at 24-25.]

- At Step Five, relying on the VE's testimony and considering Claimant's age, education, work history, and RFC, he was capable of making an adjustment to other work with jobs existing in significant numbers in the national economy in representative occupations such as a packer, assembler, and inspector.  [Dkt. 14-2 at 25-26.]

## III. DISCUSSION

Claimant asserts four errors—arguing that the ALJ failed to: (1) provide a logical bridge between the evidence of Claimant's migraine headaches and the ALJ's RFC conclusion that Claimant could sustain full-time work, (2) follow Social Security Ruling 16-3p when considering Claimant's subjective symptoms, and (3) account for the Claimant's moderate limitations of concentration, persistence, or maintaining pace when assessing his RFC.  Claimant also contends that: (4) the Appeals Council erred by denying review based on new and material evidence.  The Court will address the issues as necessary to resolve the appeal beginning with an issue that is dispositive.

### A. Migraine Headaches

As noted in the standard of review section, the ALJ may not ignore a line of evidence. On March 7, 2016, Claimant reported lifelong headaches but said they had felt worse in the last two years.  [Dkt. 14-5 at 22.]  He was diagnosed with "[l]ong standing headaches (suspect migraine [versus] tension related to his chronic cervical disease."  [Dkt. 14-5 at 23.]  After having a cervical discectomy and fusion surgery on June 27, 2016, [Dkt. 14-5 at 81], Claimant continued to report "frequent or severe headaches" to his treating physician on September 22,

2016, [Dkt. 14-5 at 18], October 11, 2016, [Dkt. 14-6 at 10], and April 12, 2017, [Dkt. 14-6 at 91].  He told a consultative examiner that he gets two to three headaches a week that are "sometimes debilitating" and last the entire day.  [Dkt. 14-5 at 117.]  During the hearing, Claimant gave several reasons that he could not work, including that he got "migraine headaches very bad."  [Dkt. 14-2 at 38.]  He described getting three a week, lasting "[m]ost all day," and needing to take some medicine and lie down in a dark room.  [Dkt. 14-2 at 42.]  He testified that he didn't know if his medication helped, "[t]hey're pretty horrible," but they did eventually go away with some residual fatigue the next day.  [Dkt. 14-2 at 42-43.]  When the ALJ asked if Claimant had reported this to his doctor, he said that he had, he was given specific medication for them, and he may need further surgery for his neck, but his doctor "doesn't think it's going to get any better.  That things will change much for [him] going forward."  [Dkt. 14-2 at 43.]

At Step Two, the ALJ noted that Claimant had "a possible small brain aneurysm associated with headaches."  [Dkt. 14-2 at 19 (citation omitted).]  The ALJ explained that diagnostic imaging of Claimant's brain was eventually normal, he was maintained on Toprol,[4] and objective testing of his heart was unremarkable.  [Dkt. 14-2 at 19.]  The ALJ concluded that "[t]here was no evidence of any associated work-related functional limitations lasting for 12 continuous months.  Thus, this is a non[-]severe impairment."  [Dkt. 14-2 at 19.]

Claimant takes issue with the determination that his "migraine headaches" were not found to be a severe impairment.  [Dkt. 16 at 17.]  The Commissioner contends that because the ALJ found at least one severe impairment and she proceeded to assess an RFC, the Step Two determination is not material.  [Dkt. 18 at 10.]  The Seventh Circuit has explained that "[a]s long

---

[4] Toprol is name brand of metoprolol succinate, a beta-blocker that affects the heart and circulation and is used to treat chest pain, hypertension, and to lower the risks associated with heart failure.  https://www.drugs.com/toprol.html (last visited June 8, 2021).

as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process." *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010) (citing 20 C.F.R. § 404.1523; *see Golembiewski v. Barnhart,* 322 F.3d 912, 918 (7th Cir. 2003) (emphasis in original) ("Having found that one or more of [appellant's] impairments was 'severe,' the ALJ needed to consider the *aggregate* effect of the entire constellation of ailments—including those impairments that in isolation are not severe.")).  "Therefore, the step two determination of severity is 'merely a threshold requirement.'" *Castile*, 617 F.3d at 927 (quoting *Hickman v. Apfel,* 187 F.3d 683, 688 (7th Cir. 1999)).

The ALJ did not demonstrate that she specifically considered whether Claimant's migraine headaches were a severe impairment.  On March 17, 2016, an MRI did reveal a possible small aneurysm.  [Dkt. 14-5 at 4.]  On October 4, 2016, a follow-up CT angiogram did not show any evidence of an aneurysm.  [Dkt. 14-6 at 6.]  As such, there was no evidence that an aneurysm was a medically determinable impairment that lasted the necessary twelve months to be considered.  *See* 42 U.S.C. § 423(d)(1)(A) (statutory definition of disability includes a durational requirement).  However, the evidence shows that Claimant's headaches were a persistent issue attributable to another etiology—either migrainous or cervical in nature.  *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), *as amended on denial of reh'g* (Oct. 24, 2014) (diagnostic imaging is used to rule out more acute causes of headaches, like a tumor, or here aneurysm, but normal imagining is not inconsistent with a diagnosis of migraine headaches).

The Step Two determination is not material because if the claimant satisfies that step, the ALJ must consider even non-severe impairments at the later steps.  But here, the ALJ did not demonstrate that she considered Claimant's headaches at the later steps.  The ALJ summarized

Claimant's testimony including that he alleged "migraines" and said "[h]e takes medication to treat his migraines."  [Dkt. 14-2 at 22.]  In *Moon*, the Seventh Circuit found error because the court disagreed with the legitimacy of the several rationales advanced by the ALJ to discredit the appellant's migraines, such that there was no logical bridge to the ALJ's RFC conclusions.  *See* 763 F.3d at 721-22.  Here, the ALJ's error is that there is simply no rationale that is advanced to discredit Claimant's headaches.

The Commissioner supplies a rationale that the ALJ could have discredited Claimant's alleged headache symptoms "given the lack of any real treatment for those headaches in the record . . . ."  [Dkt. 18 at 12.]  However, neither the Commissioner nor the Court can supply a missing rationale to uphold an agency's decision.  *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943).  The ALJ's decision does not demonstrate that the evidence of Claimant's headaches was considered.  More importantly, meaningful review is precluded by the lack of any rationale for discrediting Claimant's alleged functional limitations from his headaches.

Accordingly, further consideration of Claimant's headaches is needed on remand.

**B.  Other Arguments**

Having found that remand is necessary for the reasons detailed above, the Court declines to analyze Claimant's remaining arguments.  Claimant's argument concerning the evidence submitted to the Appeals Council is rendered moot by the remand order.  Claimant's subjective statements concerning his symptoms and his RFC should be reevaluated in the context of the updated record, as well as his full impairments.

## IV. <u>CONCLUSION</u>

For the reasons explained above, the Court **REVERSES** the ALJ's decision denying

Claimant's benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C.§

405(g) (sentence 4) as detailed above.

SO ORDERED.

Dated:  11 JUN 2021

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.